LOTTINGER, Judge.
This matter arose as a petitory action wherein the plaintiff sought to be decreed the owner of certain immovable property, together with all buildings and improvements thereon situated. The petition sets out the manner by which plaintiff acquired the property, avers that the defendant is in physical possession of a portion of same, and seeks judgment recognizing his ownership' and ordering the defendant to deliver possession of the premises. Judgment was rendered, as prayed for, by way of confirmation of default on May 16, 1952, and the matter is now before us on a devolutive appeal taken by the defendant.
The real estate forming the subject matter of this litigation is described as being Lot 6 of a certain act of partition duly recorded in. the conveyance records of the Parish of Vermilion. The record contains a certified copy of the act of partition just referred to, together with certified copies of two deeds which ostensibly reflect the plaintiff’s title. Also contained in the record is the testimony of the plaintiff, together with that of Mr. C. K. Langlimais, C. E., together with his survey showing the location of the property in question.
The original act of partition shows that the defendant acquired Lot No. 5, which adjoins Lot No. 6 on the west. The first point raised by counsel for defendant on this appeal centers around one of the stipulations contained in one of the plaintiff’s deeds, which reads as follows":
“Also a certain frame building, located on property adjoining-the above described land; said building forming part of the estate of Ignace Darby and Olivia Wiltz which was not divided in the partition above referred to.”
 Counsel for the defendant argues that the above-quoted clause shows that the plaintiff’s evidence proves him (the defendant) to be the owner of “an undivided one-sixth interest in and to the dwelling house in dispute and that the plaintiff, therefore, cannot be the complete owner of said dwelling”.
It will be remembered that the property described in the plaintiff’s petition is shown to be Lot No. 6 of the above referred to partition agreement together with all buildings and improvements thereon situated. Petitioner claims and he is substantiated by the record that the defendant is in the actual physical possession of a portion of the property described in the petition, that is, Lot No. 6, including the dwelling house thereon situated. It appears from defendant’s brief that the ownership of the dwelling house, located on plaintiff’s property is the real subject matter of the contest. Be that as it may, however, we find nothing in the above-quoted clause relied upon 'by defendant which would show the “frame building” therein mentioned to be the same as the dwelling situated upon Lot No. 6. Further, in spite of the recitation in the above-quoted stipulation to the effect that the building therein mentioned had not been partitioned, we find nothing in the act of partition itself to substantiate that to be a fact. The act of partition purports to divide a certain twenty-eight arpent tract of land into six equal lots each containing 4.-666 arpents. Nothing therein contained excludes any of the buildings or other edifices situated on the property. Any such structures would be immovables by nature under the plain terms of LSA-C.C. art. 464 and as such, in the absence of a stipulation in the act to the contrary would be conveyed along with the respective lots upon which they were situated.
Counsel for defendant also contends that plaintiff has failed to prove every fact necessary to establish his title, but he has failed to point out to us in what essentials the necessary proof is lacking. We have already pointed out what the record contains with respect to plaintiff’s title and we are satisfied that the evidence is sufficient to establish an apparent valid title in the plaintiff. The appellant has failed to point out any specific defects or irregularities and we cannot find where the record reflects any.
As an alternative contention, the appellant maintains that the action is one of boundary rather than a petitory action and *147 that as the survey did not conform with the pertinent codal articles the matter should be remanded for a re-trial. We fail to see how the action can be construed as one in boundary. The petition, as pointed out heretofore, contains the allegations necessary to a petitory action and nothing more. We fail to see how the testimony of the Civil Engineer or the introduction into evidence of his map could alter the nature of the action.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.